■ ELIZABETH HAZ, Appellant, v. GRAND UNION COMPANY, Respondent.— Judgment setting aside a jury verdict in favor of plaintiff and directing judgment in favor of defendant, unanimously reversed, on the law, on the facts and in the exercise of discretion, the judgment vacated, the order setting aside the verdict affirmed and a new trial granted unless plaintiff stipulates to accept the sum of $2,500 in lieu of the previous award by verdict and defendant agrees to pay the same, in which event the verdict as thus reduced is reinstated and judgment thereon is directed, in each instance, without costs or disbursements. In this personal injury action it was error to set aside the verdict on the ground that there was a failure of proof of notice. The record presents a question of fact with reference thereto. It is evident, however, that the jury verdict is grossly excessive and that a verdict in excess of $2,500 is not warranted by this record. Settle order on notice. Concur — Botein, P. J., Breitel, Valente, McNally and Witmer, JJ.

■ JEROME I. SHANE, on Behalf of All of the Stockholders of Crestwood Paper Company, Inc., Appellant, v. JACK OHLSTEIN, Respondent.— Order entered June 23, 1965, denying plaintiff's motion to strike defenses, unanimously modified, on the law, to the extent of granting the motion as to the first and second defenses, and, as so modified, affirmed. The first defense alleges conclusorily, without supporting allegations of fact, that plaintiff Shane is attempting to freeze out the defendant Ohlstein. Said defendant's alleged personal claim against the plaintiff is no defense to this action in behalf of the corporation. The second defense alleges, without factual support, that plaintiff has committed unspecified wrongs against the corporation. Such wrongs as may have been committed by the plaintiff do not constitute a defense to the wrongs against the corporation allegedly committed by the defendant Ohlstein. (See *Binon* v. *Boel*, 271 App. Div. 505, affd. 297 N. Y. 528.) Moreover, it does not appear that plaintiff has an adverse interest in respect of the matters alleged in the complaint. (Cf. *Williams* v. *Wolf*, 255 App. Div. 539.) Settle order on notice. Order entered July 7, 1965, denying and granting, in part motions for examinations before trial, unanimously modified, on the law, to the extent of granting plaintiff's motion for the examination of defendant Jack Ohlstein, the examination of plaintiff to follow the completion of the examination of the said defendant by the plaintiff, and, as so modified, affirmed, with one bill of $30 costs and disbursements to plaintiff-appellant in respect of appeals 9298 and 9299. The complaint sufficiently and factually alleges misconduct on the part of defendant Ohlstein to justify the examination. Settle order on notice. Concur — Botein, P. J., Breitel, McNally, Eager and Steuer, JJ.